Daniel L. Bonnett (AZ#014127)
Martin & Bonnett, P.L.L.C.
4647 N. 32nd Street, Suite 185
Phoenix, AZ 85018
Telephone: (602) 240-6900
Facsimile: (602) 240-2345
dbonnett@martinbonnett.com

David I. Moulton (Texas bar No. 24051093)
   (*pro hac vice application pending*)
Bruckner Burch PLLC
8 Greenway Plaza, Suite 1500
Houston, TX 77046
Telephone:  (713) 877-8788
Facsimile:  (713) 877-8065
dmoulton@brucknerburch.com

*Attorneys for Plaintiff and the Proposed Classes*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edgar Nafarrate, on behalf of himself and all others similarly situated, | Case No: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Moreno's Mexican Grill, L.L.C.; Moreno's Mexican Grill, Number Two, L.L.C.; Moreno's Mexican Grill Number Three, L.L.C.; Moreno's Mexican Grill Number Four, L.L.C.; Moreno's Mexican Grill Number Five, L.L.C.; Moreno's Mexican Grill Number Six, L.L.C.; Moreno's Mexican Grill Number Seven, L.L.C.; Moreno's Mexican Grill Number Eight, L.L.C.; Jose Angel Moreno; and Martina Moreno, | |
| Defendants. | |

**SUMMARY**

1. This is an action for violations of the Fair Labor Standards Act, 29. U.S.C. § 201, *et seq* and the Arizona Wage Law, A.R.S. § 23-341, *et seq*.

2. Defendants Moreno's Mexican Grill, L.L.C., Moreno's Mexican Grill, Number Two, L.L.C., Moreno's Mexican Grill Number Three, L.L.C., Moreno's Mexican Grill Number Four, L.L.C., Moreno's Mexican Grill Number Five, L.L.C., Moreno's Mexican Grill Number Six, L.L.C.; Moreno's Mexican Grill Number Seven, L.L.C., Moreno's Mexican Grill Number Eight, L.L.C., Jose Angel Moreno, and Martina Moreno ("Defendants") did not pay overtime to their hourly restaurant workers. Instead, Defendants pay them the same hourly rate for all hours worked, including those worked in excess of 40 hours per week. Because Defendants' payroll practice violates the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA) and the requirements of Arizona's wage statutes, Ariz. Rev. Stat. § 23-350, *et seq.*, Plaintiff, Edgar Nafarrate, ("Plaintiff" or "Nafarrate") brings this collective action to recover unpaid overtime wages and other damages owed to these workers.

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over the FLSA claims. *See* 28 U.S.C. § 1331 & 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367(a).

4. Venue is proper because Plaintiff Nafarrate worked and resides in this District and Division. Further, a substantial part of the events alleged herein occurred in this District and Division. *See* 28 U.S.C. §§ 1391 (b) & (c).

**PARTIES**

5. Defendants Moreno's Mexican Grill, L.L.C., Moreno's Mexican Grill, Number Two, L.L.C., Moreno's Mexican Grill Number Three, L.L.C., Moreno's Mexican Grill Number Four, L.L.C., Moreno's Mexican Grill Number Five, L.L.C., Moreno's Mexican Grill Number Six, L.L.C.; Moreno's Mexican Grill Number Seven, L.L.C.,

Moreno's Mexican Grill Number Eight, L.L.C., , are for-profit corporations registered with the Arizona Corporation Commission to transact business in Arizona.

6.  Moreno's Mexican Grill, L.L.C, Moreno's Mexican Grill Number Two, L.L.C, Moreno's Mexican Grill Number Three, L.L.C, Moreno's Mexican Grill Number Four, L.L.C, and Moreno's Mexican Grill Number Eight, L.L.C, at all times relevant, listed their places of business in Arizona as 760 E Broadway Rd, Mesa, AZ, 85204.

7.  Moreno's Mexican Grill Number Five, L.L.C., Moreno's Mexican Grill Number Six, L.L.C, and Moreno's Mexican Grill Number Seven, L.L.C at all times relevant, listed their places of business in Arizona as 85 W Combs Rd #104, San Tan Valley, AZ, 85140.

8.  Defendants Jose Angel Moreno and Martina Moreno ("the Morenos") are Arizona residents who own all the corporate defendants. They reside in Gilbert, Arizona.

9.  At all times relevant, Defendants were and are each an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d) and Arizona wage laws, 23 Ariz. Rev. Stat. §23-350(3).

10. At all times relevant, Defendants were each individually and/or jointly an "employer" within the meaning of 29 U.S.C. § 203(d); 29 C.F.R. §§825.102 & 825.104; and A.R.S. §23-350(3) and employed and/or jointly employed Nafarrate and the Class Members within the meaning of the FLSA and Ariz. Rev. Stat. § 23-350.

11. At all times relevant, Nafarrate was an "employee" within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(e)(1) and the Arizona wage laws, Ariz. Rev. Stat. § 23-350 and was employed by Defendants as a Cook. His consent to sue form is attached as Ex. 1.

12. Nafarrate brings this action on behalf of himself and other similarly situated restaurant workers who were paid at the same hourly rate for all hours worked, including those worked in excess of 40 in workweek These workers are collectively referred to as the "Class Members."

## GENERAL ALLEGATIONS

13. Defendants operate and transact business in Arizona.

14. Defendants employed and/or jointly employed Nafarrate and the Class Members to prepare and serve food and clean in Defendants' chain of Mexican restaurants known as "Moreno's Mexican Grill."

15. The Morenos have authority to hire and fire Nafarrate and the Class Members.

16. The Morenos authorize the pay and employment policies applicable to Nafarrate and the Class Members.

17. At all relevant times, Defendants, or the enterprise of which they are a part, engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s)(A)(i).

18. Defendants, or the enterprise of which they are a part, had annual gross volume of sales made or business done of at least $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

19. Defendants employed and/or jointly employed Nafarrate and the Class Members in Arizona.

20. In each of the past three years, Defendants, or the enterprise of which they are a part, had revenues in excess of $500,000.

21. Over the past three years, Defendants, or the enterprise of which they are a part, employed individuals, including Nafarrate, that were paid at the same hourly rate for all hours worked in a regular work week, including those worked in excess of 40.

22. Over the past three years, Defendants, or the enterprise of which they are a part, employed at least two individuals that routinely handled goods or materials—such as phones, computers, and tools—that moved in, or were produced for, interstate commerce.

23. Defendants are, or are part of, an enterprise engaged in interstate commerce under the FLSA and are subject to the FLSA's requirements.

24. Defendants, at all relevant times, paid Nafarrate and the Class Members a at the same hourly rate for all hours worked, including those worked in excess of forty in a week. This payroll scheme is commonly referred to as "straight time for overtime."

25. For example, Defendants paid Nafarrate $12 per hour for all hours worked, without paying time and one-half the "regular rate" required by the FLSA for hours worked in excess of 40 in a week.

26. Nafarrate and the Class Members routinely worked many hours in excess of 40 per week. They often worked 60 hours or more in a workweek.

27. Accordingly, Nafarrate and the Class Members had a reasonable expectation they would be paid overtime wages.

28. Defendants knew Nafarrate and the Class Members worked more than 40 hours in a workweek. Defendants knew this because they track hours worked in a timekeeping system.

29. Defendants know they are violating the FLSA because they attempt to obscure the fact they pay straight time for overtime. Defendants pay the first 40 hours worked each week by check. Defendants pay the overtime hours at the same hourly rate, but in cash delivered in an envelope.

30. For example, in a recent two-week pay period, Nafarrate worked 125 hours. Defendants paid him $960 by check for 80 regular hours at $12 per hour, plus $540 in cash for 45 overtime hours also paid at $12 per hour.

31. In that two-week pay period, Defendants shorted Nafarrate's pay by $270, which is equal to $6 per hour in overtime premium times 45 overtime hours.

32. Defendants shorted Nafarrate's pay and that of the Class Members in this same manner for years. Defendants have unlawfully withheld hundreds of thousands of dollars of wages earned by their employees.

33. Defendants know it is unlawful to pay straight time for overtime because this is common knowledge and Defendants try to hide it by paying overtime hours in cash at

straight time rates.

34. It is well established that hourly kitchen workers, like Nafarrate and the Class Members, are not exempt from the overtime provisions of the FLSA, no matter how they are paid. Defendants knew this, or recklessly disregarded this.

35. Defendants knew Nafarrate and the Class Members were not exempt from the FLSA's overtime provisions.

36. Defendants received complaints, including from Nafarrate, about their failure to pay overtime, but they failed to correct their unlawful payroll policy.

### CLASS AND COLLECTIVE ALLEGATIONS

37. Defendants' policy of paying Nafarrate and the Class members straight time for overtime violates the FLSA.

38. Defendants' policy of paying straight time for overtime affects Nafarrate and the Class Members in a similar manner because, as explained above, kitchen workers are non-exempt from overtime no matter how they are paid. Accordingly, they are each owed overtime pay for the same reason even though their job duties may differ in nonmaterial respects. Accordingly, Nafarrate and the Class Members are similarly situated for the purposes of their overtime claims.

39. The Class Members include members of the FLSA Class and members of the Arizona Class.

40. Nafarrate proposes the following definition for the FLSA Class:
> All current and former kitchen workers employed by Defendants who were paid at the same hourly rate for all hours worked, including those worked in excess of 40 in a workweek during the last three years.

41. Notice under § 216(b) of the FLSA should be sent to members of the FLSA Class so they may make an informed decision to file a consent form to opt-in to this case.

42. Nafarrate also brings suit on behalf of himself and all others similarly situated for violations of Arizona's Wage Statutes under the provisions of Rule 23 of the Federal Rules of Civil Procedure with respect to violations alleged in this Complaint.

43. Nafarrate proposes the following definition for the Arizona Class under Rule 23:

> All current and former kitchen workers employed by Defendants who were paid at the same hourly rate for all hours worked, including those worked in excess of 40 in a workweek during the last three years in Arizona.

44. The requirements for maintaining this action as a class action under Fed. R. Civ. P. 23(a)(1) are satisfied in that there are too many members of the Arizona Class for joinder of all of them to be practicable. Upon information, there are more than 15 members of the proposed Arizona Class.

45. The claims of the Arizona Class members raise numerous common questions of fact and law, thereby satisfying the requirements of Fed. R. Civ. P. 23(a)(2).

46. Nafarrate's claims are typical of the claims of the Arizona Class members and therefore satisfy the requirements of Fed. R. Civ. P. 23(a)(3). Nafarrate and the Arizona Class members work or have worked for Defendants and have not been paid overtime wages for hours they worked in excess of 40 hours in a workweek.

47. Nafarrate will fairly and adequately represent the interests of the proposed Arizona Class and therefore satisfy the requirements of Fed. R. Civ. P. 23(a)(4).

48. Nafarrate retained counsel who are competent and experienced in complex class actions and in labor and employment litigation and therefore satisfy the requirements of Fed. R. Civ. P. 23(g).

49. All of the requirements of Fed. R. Civ. P. 23(b)(1) are satisfied in that the prosecution of separate actions by individual members of the Arizona Class would create a risk of inconsistent or varying adjudications establishing incompatible standards of conduct for Defendants. Also, individual adjudications present a risk of adjudications which, as a practical matter, would be dispositive of the interests of other members who are not parties.

50. All of the requirements of Fed. R. Civ. P. 23(b)(2) also are satisfied in that

Defendants' actions affect or have affected all Arizona Class members in the same manner, making appropriate final declaratory and injunctive relief with respect to the Arizona Class as a whole.

## COUNT I
### FAILURE TO PAY OVERTIME IN VIOLATION OF FLSA
**(29. U.S.C. § 201 *et seq.*)**

51. Plaintiff repeats and realleges all allegations in the preceding paragraphs as if fully set forth herein.

52. By failing to pay Nafarrate and the members of the FLSA Class overtime at one-and-one-half times their regular rates, Defendants violated the FLSA's overtime provisions.

53. Defendants owes Nafarrate and the FLSA Class members the difference between the rate actually paid and the proper overtime rate for all overtime hours worked. Because Defendants knew, or showed reckless disregard for whether, its pay practices violated the FLSA, it owes these wages for at least the past three years.

54. Defendants also owes Nafarrate and the FLSA Class members an amount equal to the unpaid overtime wages as liquidated damages.

55. Nafarrate and the FLSA Class members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

## COUNT II
### VIOLATION OF ARIZONA'S WAGE ACT
**(A.R.S. § 23-350 *et seq.*)**

56. Plaintiff repeats and realleges all allegations in the preceding paragraphs as if fully set forth herein.

57. Nafarrate and the Arizona Class members were employed by Defendants within the meaning of and subject to Ariz. Rev. Stat. § 23-350.

58. Ariz. Rev. Stat. § 23-351 provides that:

A. Each employer in this State shall designate two or more days

in each month, not more than sixteen days apart, as fixed paydays for payment of wages to the employees . . .

\*\*\*

C. Each employer shall, on each of the regular paydays, pay to the employees . . . all wages due the employee up to such date . . .

59. Ariz. Rev. Stat. § 23-351(c)(3) provides that: "[o]vertime or exception pay shall be paid no later than sixteen days after the end of the most recent pay period."

60. As set forth above, the FLSA requires that employees, such as Plaintiff and Arizona Class Members, be paid overtime wages for all hours worked in excess of forty hours per week and Defendants has failed to timely pay required overtime wages to non-exempt, qualified employees.

61. Defendants has failed and continues to fail to timely pay all wages and overtime due Plaintiff and Arizona Class Members within the time required by law.

62. As a result of Defendants's violations of Ariz. Rev. Stat. § 23-351, Plaintiff is entitled to an award of the unpaid wages, with prejudgment interest thereon, and is entitled to treble the amount of such wages, together with attorneys' fees and costs pursuant to A.R.S. §23-355.

## PRAYER FOR RELIEF

Wherefore, Nafarrate prays for relief as follows:

a. An order allowing Nafarrate and the FLSA Class members to proceed as a representative collective action under the FLSA;

b. An order allowing Nafarrate and the Arizona Class members to proceed as a Rule 23 Class;

c. An order and judgment declaring that Defendants has violated the FLSA with respect to Plaintiff and Class Members, an award of all recoverable damages including liquidated damages, and that Defendants is liable for all damages, interest, attorneys' fees and costs;

d. An order and judgment declaring that Defendants has violated Arizona's

Wage Act, A.R.S. § 23-350 et seq., an award of all recoverable damages including treble damages, interest, attorneys' fees and costs;

 e. Judgment awarding Nafarrate and the FLSA Class members all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA;

 f. Judgment awarding Nafarrate and the Arizona Class members all unpaid overtime compensation, with prejudgment interest thereon, treble the amount of such wages, together with attorneys' fees, costs, and expenses under the Arizona wage statutes;

 g. A service award for Nafarrate as permitted by law;

 h. Pre- and post-judgment interest at the highest rate allowable by law; and

 i. All such other and further relief to which Nafarrate and the Class Members may show themselves to be justly entitled.

Dated: February 8, 2019  Respectfully submitted,

By: */s/ Daniel L. Bonnett*
  Daniel L. Bonnett
  MARTIN & BONNETT, P.L.L.C.
  4647 N. 32nd Street, Suite 185
  Phoenix, AZ 85018
  Tel: (602) 240-6900

and

By: /s/ David Moulton
  David I. Moulton
  Bruckner Burch PLLC
  8 Greenway Plaza, Suite 1500
  Houston, TX 77046

*Attorneys for Plaintiff and the Proposed Classes*